IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge R. Brooke Jackson**

Criminal Action No. 19-cr-418-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LYDELL CLANTON,

        Defendant.

---

**DEFENDANT'S MOTION TO DETERMINE COMPETENCY
AND MENTAL HEALTH OF DEFENDANT**

---

COMES NOW, the Defendant Lydell Clanton, by and through his attorney Boston H. Stanton, Jr., of the Law Office of Boston H. Stanton, Jr., and respectfully moves this Honorable Court to hold a hearing pursuant to 18 U.S.C. § 4241(a) and (b) to determine the mental competency of the defendant and his mental health. Prior to any such hearing, Mr. Clanton requests that he be provided the opportunity to retain a licensed or certified psychiatrist or psychologist to conduct an evaluation pursuant to 18 U.S.C. § 4241. A request to toll the Speedy Trial Act is made pursuant to 18 U.S.C. § 3161(h)(1)(A). In support of this motion, counsel states as follows:

    1.    A Change of plea hearing is currently set for February 1, 2021 at 8:30am.

    2.    18 U.S.C. § 4241(a) provides that at any time after the commencement of a prosecution for an offense and prior to sentencing, a defendant may file a motion for a hearing to determine his mental competency. The Court shall grant such motion if there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Prior to the competency hearing, the Court may order a psychiatric or psychological examination/evaluation of the defendant under 18 U.S.C. § 4241 (b) and (c).

3. Undersigned counsel ("counsel") proffers, based on his interaction with the defendant, that there is "reasonable cause to believe ... that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent...." Without disclosing the specific content of privileged communications, counsel's belief in this regard is based on statements made by the defendant regarding this case, the defendant's demeanor, and concerns raised by the defendant himself regarding his mental condition and need for medical treatment. There is reasonable cause to believe that a psychiatric and/or psychological examination and report is necessary to determine: (1) the defendant's mental condition in order to determine the appropriate treatment he is to receive during and after confinement; and, (2) the facility in which he shall receive such treatment during confinement. In addition, the Defendant's mental health is pertinent to not only the current charges but also to a potential sentencing.

4. Mr. Clanton wishes to retain a licensed or certified psychiatrist or psychologist to conduct independent evaluations and prepare an independent psychological or psychiatric report to filed with the Court pursuant to 18 U.S.C. § 4247(c), addressing Defendant's competency and mental health pursuant to 18 U.S.C. § 4241(a) and (b).

5. Therefore, counsel requests that Mr. Clanton be provided the opportunity to pursue an independent psychological or psychiatric examination pursuant to 18 U.S.C. § 4241(b) and (c) to determine whether Mr. Clanton is mentally competent to be able to understand the nature and consequences of the proceedings against him or to assist properly in his defense and

at the time of the alleged offense he lacked the requisite mens rea thus lacking criminal responsibility.

7. Counsel has contacted Assistant United States Attorney Valeria Spencer and she has indicated that the Government takes no position.

8. Pursuant to 18 U.S.C. § 3161(h)(1)(A), Mr. Clanton requests that the Speedy Trial Act be tolled until such time as a psychiatric or psychological has completed both a competency evaluation pursuant to 18 U.S.C. § 4241(a) and an mental health evaluation and a hearing has been conducted pursuant to 18 U.S.C. §4241 (c) and (d). Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court may find that the delay resulting from the determination of the Defendant's competency to proceed is excluded from the calculation of the time within which trial must commence until such time as the Defendant is declared competent to proceed.

**WHEREFORE**, Mr. Clanton request that this Honorable Court toll the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) to provide Mr. Clanton the opportunity to seek psychiatric or psychological evaluations addressing competency and mental health pursuant to 18 U.S.C. § 4241(a) and (b) respectively. A status conference is requested in approximately 90 days or for such other and further relief as to the Court seems just and proper under the circumstances.

Dated this 14th day of January, 2021.

    Respectfully submitted,
    LAW OFFICE OF BOSTON H. STANTON, JR.


    s/Boston H. Stanton, Jr.
    Boston H. Stanton, Jr.
    P.O. Box 200507
    Denver, CO 80220
    (303) 377-2757 Telephone
    (303) 394-0204 Telecopier
    bostonhs@comcast.net
    **ATTORNEY FOR LYDELL CLANTON**

## CERTIFICATE OF MAILING

I hereby certify that on January 14, 2021, I electronically filed the foregoing **DEFENDANT'S MOTION TO DETERMINE COMPETENCY AND MENTAL HEALTH OF DEFENDANT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all interested parties, to include the following:

Valeria Spencer valeria.spencer@usdoj.gov

s/Boston H. Stanton, Jr.
LAW OFFICE OF BOSTON H. STANTON, JR.